**UNITED STATES v. GALLAGHER et al.**

No. 11733.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1948.

Rehearing Denied April 23, 1948.

A. Devitt Vanech, Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley and S. Billingsley Hill, Attys., Department of Justice, all of Washington, D. C., and Henry L. Hess, U. S. Atty., of Portland, Or., for appellant.

Lawrence T. Harris, of Eugene, Or., Koerner, Young, Swett & McColloch, and James C. Dezendorf, all of Portland, Or., for appellees.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment awarding damages to appellees in a judge-tried proceeding under the Tucker Act, 28 U.S.C.A. § 41(20), upon a contract implied in fact for the carriage of sand and gravel by the appellant over a road owned by the appellees. The amount of gravel and sand carried is agreed to be 66,643 yards. It was carried between October 1, 1942, and August 19, 1944.

Appellant contends that in a prior judgment in a condemnation suit for a part of the road, it acquired the title to the entire road by virtue of a decree of condemnation in a suit between it and appellees,

rendered on the 14th day of May, 1945, over six months after the last services of the road. The appellant claims it was vested with title to the entire road on October 5, 1942. We do not agree. The condemnation complaint sought only a portion of the road and it was not until the date of trial, on November 24, 1944, over a month after the services were rendered, that the parties stipulated that the value of the entire road should be determined. Title to the portion not covered by the condemnation complaint, if acquired at all, could not have been acquired by appellant till after the date of the trial, when the services already had been rendered.

Since the condemnation proceeding sought title only, acquisition of the title after the services were performed in no way affected the right to recover the chose in action against appellant for prior services.

Appellant further contends that if the appellees had title to any portion of the road, it was to but one-third thereof, and that the award of damages for its use is based on a wrong principle of law clearly appearing in the court's findings. In this we agree with appellant.

The Crown Zellerbach Corporation owned a sand and gravel bed on Santiam Bar on the Willamette River, Oregon. J. H. Gallagher entered into a contract with the Crown Zellerbach Corporation to purchase gravel and sand from the bar, in which contract the other appellees became interested. To reach the county road appellees built a road commencing at the bar, running first through the Crown Zellerbach land, then the adjoining land belonging to certain Gosslers, and from there through the land of certain Crockers to the county road. The total length of the road from the bar to the county road is 1.6 miles. A third of the road was on the Crown Zellerbach land. It was completed and in use before the condemnation suit.

In the condemnation proceeding above referred, appellant acquired title on June 5, 1942, to the portion of the road crossing the Gossler land. That is, before any of the services to appellant had been rendered. While it is not certain from the record, but is likely, the appellant also had acquired the portion of the road over the Crocker land. The pretrial agreement and order appears to have been made on the latter theory. The agreed issues all refer to the portion of the road over the Crown Zellerbach land, and one is for the determination, "assuming plaintiffs [appellees] have a valid claim against the defendant [appellant] for its use of that portion of their road constructed upon the land owned by Crown Zellerbach Corporation, [of] the amount which plaintiffs are entitled to recover from defendant."

The court held that the appellees were entitled to recover the cost to appellees of the entire road over the three parcels of land, $10,919, less (a) $3,000 they had received from one McDonald whom the government permitted to use the portions of the road it acquired on June 5, 1942, to carry 68,203 cubic yards; (b) $374 for the carriage of part of 13,743 yards of the appellees' gravels, screened and ready for transport, and (c) $1,000, the amount determined in the condemnation proceeding to be the entire value of the road both on June 5, 1942, and November 24, 1944, the day of trial. The district court's statement and tabulation is:

"It is doubtful, as Government counsel conceded at the trial, whether former adjudication bars the plaintiff. This leaves the equitable plea of estoppel for consideration. I think it is not inequitable for plaintiff to recover his cost less sums and credits previously received. That figures out:

| | | |
|---|---|---|
| Cost ...................... | | $10,190.00 |
| Less McDonald .... | $3,000.00 | |
| Verdict Gossler case | 1,000.00 | |
| Plaintiff's own use.. | 374.00 | 4,374.00 |
| Judgment herein ....... | | $ 5,816.00" |

It is apparent from the above formula that if McDonald had carried gravel for which he paid $9,000 instead of $3,000, the appellant would have transported its gravels over the road without owing appellees anything for the service it rendered.

We do not see how the equitable plea of estoppel in any way justifies the formula used. The value of the whole road had been determined at $1,000 in a proceeding between the same parties in which they stip-

ulated the issue of total value was to be determined. That value covered the entire period in which services were rendered. Equitable estoppel is no ground for substituting the $10,190 cost of the road expended prior to June 5, 1942, for a value of $1,000 which is res judicata between the parties.

█ Nor do we see any ground for assessing damages on the theory that the appellant owed the total original cost of the road in determining the value of the services in carrying over the third of the road in the Zellerbach lands, which the district court holds appellant has never acquired and still belongs to the appellees. In the future, appellees well may carry their own yardage stock piled on the gravel bar by license of the appellant over the whole road, just as McDonald carried his 68,203 yards, and it well may be used by others than the United States in future hauling from the bar.

█ So far as the value of the six-tenths of a mile of the road is a factor in determining the value of the service it rendered appellant, the established value of $1,000 for the entire one and eight-tenths of the road determines that the value of the road used is some lesser sum to be proved at the trial. With this limitation, the usual principles of quantum meruit should apply to the claim against the appellant.

The judgment is reversed and the case remanded for a new trial.